IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jeremy Chance Davis, #33569-171, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> K. Johnson; Jay Koon; ) <br> Correct Case Solutions; and ) <br> Rosalie Herberger, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 2:21-cv-2311-BHH <br><br> **<u>ORDER</u>** |

This matter is before the Court upon Plaintiff's pro se complaint filed pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"); 42 U.S.C. § 1983; and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

On July 29, 2022, Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court summarily dismiss this action with prejudice and without issuance of process. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. On August 9, 2022, Plaintiff filed objections to the Magistrate Judge's Report, and the matter is ripe for review.

**<u>STANDARD OF REVIEW</u>**

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## DISCUSSION

In this action, Plaintiff alleges that Defendants violated his right to privacy pursuant to the Fourth Amendment, the Fourteenth Amendment, and the Health Insurance Portability and Accountability Act ("HIPAA") based on the alleged unauthorized disclosure of certain medical records.

The Magistrate Judge reviewed Plaintiff's initial complaint and issued an order notifying Plaintiff that the action was subject to summary dismissal for failure to state a claim. The Magistrate Judge gave Plaintiff the opportunity to file an amended complaint, which he did; however, the Magistrate Judge reviewed Plaintiff's amended pleading and determined that it suffered from the same deficiencies as Plaintiff's initial complaint. Specifically, the Magistrate Judge found that even if Defendants violated HIPAA by releasing Plaintiff's medical records, HIPAA does not provide individuals with a private right of action. Next, the Magistrate Judge found that Plaintiff's amended complaint fails to state a claim pursuant to § 1983 and *Bivens* because "neither the U.S. Supreme Court nor the

Fourth Circuit has ever recognized a constitutional right in the privacy of prisoners' medical records." *Van Higgins v. Miller*, No. 1:12-cv-29-RJC, 2012 WL 4511524, at *2 (W.D.N.C. Oct. 1, 2012).  Lastly, the Magistrate Judge explained that to the extent Plaintiff seeks a reduction of his sentence due to the alleged improper release of his medical records, such relief may be sought only in a habeas corpus proceeding.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (explaining that a writ of habeas corpus is the "exclusive remedy" for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release from that confinement).  Accordingly, in her Report, the Magistrate Judge recommends that the Court dismiss this action with prejudice and without issuance and service of process.

In his one-page objections to the Magistrate Judge's Report, Plaintiff asks the Court to follow the Report "in part and to not dismiss this case with or without prejudice."  (ECF No. 29 at 1.)  Plaintiff does not object, however, to the Magistrate Judge's finding that Plaintiff has no private right of action pursuant to HIPAA.  Nevertheless, Plaintiff does object to the Magistrate Judge's finding that Plaintiff has failed to state a claim for relief pursuant to the Fourth and Fourteenth Amendments.  Specifically, Plaintiff asserts that these Amendments "protected the plaintiff from having his medical records taken by defendant Rosalie Herberger and released by defendant K. Johnson who was [e]ntrusted in the safe keeping of such records."  (*Id.*)  Plaintiff agrees with the Magistrate Judge that he cannot seek a reduction of his sentence in this action; however, he asserts that he is seeking $5,000.00 per Defendant as to Herberger and Johnson as well as a declaration that his rights were violation.  Lastly, Plaintiff does not object to the dismissal of Defendants Jay Koon and Correct Care Solutions.

3

After de novo review, the Court finds Plaintiff's objections unavailing and concludes that the Magistrate Judge properly found that Plaintiff's amended complaint is subject to dismissal.  fails to allege facts that arise to the level of Constitutional violations.  First, as Plaintiff concedes, it is clear that HIPAA does not provide Plaintiff with a private right of action. *See Gamble v. Simmons*, No. 5:20-cv-3618-RMG, 2020 WL 7706621, at *2 (D.S.C. Dec. 29, 2020) ("Plaintiff's HIPPA claim does not state a constitutional violation as there is no private cause of action under HIPPA and there is no fundamental right of privacy in personal medical information.")  Next, despite Plaintiff's objections to the contrary, it is also clear that Plaintiff's amended complaint fails to allege facts that arise to the level of a Constitutional violation because Plaintiff, a prisoner, does not have a Constitutional right to privacy in his personal medical information.  *Higgins*, No. 1:12-cv-297-RJC, 2012 WL 4511524, *2 (citations omitted) ("[A]s to Plaintiff's claim that Defendants violated his constitutional "right to privacy," neither the U.S. Supreme Court nor the Fourth Circuit has ever recognized a constitutional right in the privacy of prisoner's medical records.").  Thus, the Court agrees with the Magistrate Judge that Plaintiff's amended complaint fails to state a claim upon which relief may be granted and is subject to summary dismissal.

## **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 25) is **adopted and incorporated herein**, Plaintiff's objections (ECF No. 29) are **overruled**; and this action is **dismissed with prejudice and without issuance and service of process**.  *See Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018) (noting that where the district court has already afforded an opportunity

to amend, the district court has the discretion to afford another opportunity to amend or can "dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order").

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 7, 2023
Charleston, South Carolina